# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS CAVES, | : | |
| Plaintiff, | : | |
| | : | No. 3:20-cv-15 (KAD) |
| v. | : | |
| | : | |
| PAYNE, et al., | : | |
| Defendants. | : | |
| | : | |
| | : | |

## MEMORANDUM OF DECISION

Kari A. Dooley, United States District Judge

Plaintiff, Thomas Caves ("Caves"), currently confined at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, filed this action *pro se* under 42 U.S.C. § 1983. On April 6, 2020, the court filed an Initial Review Order dismissing two of Caves' claims, his retaliation claim based upon his social media postings and the Fourteenth Amendment claim against defendants Santiago, Papoosha, and Martin for their failure to respond to grievances. *See* Doc. No. 9.

Caves filed a motion to alter or amend judgment directed to the Initial Review Order pursuant to Federal Rule of Civil Procedure 59. As no judgment has entered in this case, the request to alter or amend judgment appears premature. However, the "nature of a motion is determined by its substance and not the label attached to it." *Rosado v. Johnson*, 589 F. Supp. 2d 398, 400 (S.D.N.Y. 2008) (citations omitted); *see Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 909 n.10 (1990) (noting that courts construe motions according to their substance, not erroneous nomenclature); *Chambers v. U.S.,* 106 F.3d 472, 475 (2d Cir.1997) (*pro se* petitions should be characterized based on the relief sought, without regard to the label given to them by

*pro se* prisoners unlearned in the law).  As Caves is asking the court to reconsider the decision dismissing his retaliation claim, the court construes the motion as one for reconsideration.

**Standard**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  "Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)).

This District's Local Rules state: "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order" and require that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c)1.  In addition, a motion for reconsideration must "be filed and served within seven (7) days of the date of the filing of the decision or order from which such relief is sought." *Id.*

**Discussion**

As an initial matter, the court notes that Caves did not timely file his motion.  The Initial Review Order was filed on April 6, 2020.  Under the local rule, Caves had seven days, or until

April 13, 2020, to file his motion for reconsideration.  Caves signed and filed his motion on April 15, 2020, two days too late.

Even if the Court accepts the untimely motion, the relief sought is denied. Caves argues that the court overlooked controlling decisions, namely decisions by other district court judges permitting a retaliation claim based on social media postings to proceed.  Controlling decisions include decisions by the United States Supreme Court and the Second Circuit Court of Appeals. Decisions by other District of Connecticut judges are not controlling decisions.  *See McCracken v. Verisma Sys., Inc.*, No. 6:14-CV006248(MAT), 2018 WL 4095104, at *2 (W.D.N.Y. Aug. 28, 2018) (decisions from other district courts, including district court judges within the same district, are not controlling decisions for purposes of reconsideration) (citing cases); *Blair v. Deboo*, No. 3:04CV1357CFD, 2004 WL 3052022, at *2 (D. Conn. Dec. 30, 2004) (court "is not bound by the decisions of any courts other than the Second Circuit Court of Appeals and the United States Supreme Court).  Thus, Caves has not identified any controlling decisions the court overlooked.  In addition, the court did not overlook the decisions he cites; the court acknowledged and disagreed with the district court decisions.  Doc. No. 9 at 8-9.

Accordingly, Caves' motion [**Doc. No. 12**] is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of May 2020.

/s/ _____
Kari A. Dooley
United States District Judge

3