UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS CAVES, | : | |
|     Plaintiff, | : | No. 3:20-cv-15 (KAD) |
| | : | |
| v. | : | |
| | : | |
| PAYNE, et al., | : | |
|     Defendants. | : | |
| | : | |
| | : | |

**ORDER ON MOTION FOR PRELIMINARY INJUNCTION [ECF #8]**

      The plaintiff, Thomas Caves ("Caves"), has filed a motion for temporary restraining order and preliminary injunction.  As part of the initial review of the Complaint, the court denied the request for temporary restraining order prohibiting the defendants from using social media posts when designating inmates as affiliates of Security Risk Groups ("SRG").  Doc. No. 9 at 17-18.  The court ordered the defendants to respond to the request for preliminary injunction, that Caves be transferred from the SRG program and his SRG designation be removed.  *Id.*  For the following reasons, the motion is denied.

      Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Grand River Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted).  To prevail, the plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Glossip v. Gross*, ___ U.S. ___, 135 S. Ct. 2726, 2736 (2015) (internal quotation marks and citation omitted).  The Second Circuit

considers a showing of irreparable harm the most important requirement for an award of preliminary injunctive relief.  *NAACP v. Town of East Haven*, 70 F.3d 219, 224 (2d Cir. 1995).

"[T]he court's task when granting a preliminary injunction is generally to restore, and preserve, the status quo ante*, i.e.,* the situation that existed between the parties immediately prior to the events that precipitated the dispute."  *Asa v. Pictometry Intern. Corp.*, 757 F. Supp. 2d 238, 243 (W.D.N.Y. 2010); *Transamerica Rental Finance Corp. v. Rental Experts*, 790 F. Supp. 378, 381 (D. Conn. 1992) ("It is well established in this Circuit that the purpose of a preliminary injunction is to preserve the *status quo* between two parties.").  "Because mandatory injunctions disrupt the status quo, a party seeking one must meet a heightened legal standard by showing 'a clear or substantial likelihood of success on the merits.'"  *North Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (quoting *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012)).  A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from the denial of preliminary relief."  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2001) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)).

The district court has wide discretion in determining whether to grant preliminary injunctive relief.  *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005).  "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons."

*Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994) (other citations omitted).

Caves seeks a preliminary injunction transferring him from, the SRG program and removing his SRG designation. The defendants contend, *inter alia*, that this request is now moot because Caves completed the SRG program on April 30, 2020 and renounced SRG membership. Thus, he is no longer designated an SRG member and has been, or will very soon be, returned to general population. In reply, Caves argues that the relief is not moot because he can be reclassified as an SRG member in the future. Even if this argument had bearing on the ultimate relief to be afforded in this case, (which is not at all clear) it has no bearing on the request for preliminary or interim relief. At present, Caves has already received the interim relief he seeks. The motion is moot and therefore denied on that basis.

However, nor has Caves demonstrated, by any measure, that he is likely to succeed on the merits of his case. In his Reply, Caves asserts "At the heart of the plaintiff's complaint is that he was unconstitutionally put in segregation for protected First amendment facebook Post as a Pretrial detainee." However, this Court has twice ruled that the Complaint does not state a plausible First Amendment retaliation claim arising out of the social media posts. See ECF 9, 17. Caves does not otherwise address the merits of the claims that the Court did permit to move forward – whether his confinement in the SRG program with the dangers it poses violates substantive due process; whether his designation violated procedural due process; whether his time in the SRG resulted in a violation of the Free Exercise Clause, and others.

Caves motion for preliminary injunction [**Doc. No. 8**] is **DENIED**.

**SO ORDERED.**

Dated this 15th day of May 2020 at Bridgeport, Connecticut.

                                                              /s/
                                          Kari A. Dooley
                                          United States District Judge