UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| THOMAS CAVES, | : | |
| Plaintiff, | : | No. 3:20-cv-15 (KAD) |
| | : | |
| v. | : | |
| | : | |
| PAYNE, et al., | : | |
| Defendants. | : | |
| | : | |

**RULING ON MOTION TO COMPEL**

Plaintiff Thomas Caves ("Caves"), filed a motion to compel relating to several discovery requests he served on the defendants. The defendants object on the ground that Caves has not complied with the requirements of Local Rule 37(a).

Federal Rule of Civil Procedure 37 requires that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). As the federal rule applies to all parties, Caves is required to comply with the good faith requirement in Rule 37(a)(1). Caves includes no certification with his motion. Thus, his motion is denied for failure to comply with Rule 37.

The defendants cite Local Rule 37 in their motion. Local Rule 37 imposes additional requirements on attorneys only.[1] D. Conn. L. Civ. R. 37. Any objection for failure to comply with Local Rule 37, is overruled.

---

[1] The local rule was amended in 2017 and now specifically imposes requirements on attorneys rather than parties.

As Caves may refile his motion to compel after conferring with defendants' counsel, the court makes some additional observations. Caves states that the defendants failed to provide any documents sought in his request for production. But the copy of the defendants' response he attached reflects that many of the documents were provided to Caves as part of the Initial Discovery Disclosures. The defendants are not required to provide for a second time documents they have already produced.

The defendants also object to Caves' interrogatories insofar as they are directed to "defendants." Federal Rule of Civil Procedure 33 provides that a party may serve interrogatories "on any other party." Fed. R. Civ. P. 33(a)(1). The interrogatories must be addressed to a particular party because only then can the recipient affirm the accuracy of the answers. Caves' interrogatories are not addressed to any particular party and because the questions refer to several defendants, it does not appear that any one defendant would have the requested information. Notwithstanding, the defendants state that they will serve their responses on August 22, 2020. In the future, however, Caves' interrogatories must comply with Rule 33.

Caves' motion to compel [**Doc. No. 31**] is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of August 2020.

/s/
Kari A. Dooley
United States District Judge